**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| OTTO PARDINAS on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OSCAR HEALTH, INC.,<br><br>Defendant. | Civil Action No. 1:24-cv-21527<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Otto Pardinas ("Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

**NATURE OF ACTION**

1. "Telemarketing calls are [] intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991 ("TCPA"). Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227 (2012)). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms," *id.* at § 2(9)." *Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643, 649 (4th Cir. 2019).

2. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

was the national Do-Not-Call registry.  *See* 47 C.F.R. § 64.1200(c)(2).  Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity.  It means what it says.  If a person wishes to no longer receive telephone solicitations, he can add his number to the list.  The TCPA then restricts the telephone solicitations that can be made to that number.  *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to … initiat[e] any outbound telephone call to a person when … [t]hat person's telephone number is on the 'do-not-call' registry, maintained by the Commission.').  … [P]rivate suits can seek either monetary or injunctive relief.  … This private cause of action is a straightforward provision designed to achieve a straightforward result.  Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights.  Violations of the law are clear, as is the remedy.  Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer*, 925 F.3d at 649-50.

3. Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Oscar Health, Inc. ("Oscar Health") made telemarketing calls to numbers on the National Do Not Call Registry.

4. Plaintiff also alleges that Oscar Health used automated systems to make telemarketing calls into Florida and that, by doing so, Oscar Health has violated the provisions of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA").

5. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

6. A class action is the best means of obtaining redress for Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the FTSA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

7. Plaintiff Otto Pardinas is an individual residing in Florida.

8. Defendant Oscar Health, Inc. is a corporation.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court has supplemental jurisdiction over the FTSA claim because it arises from the same calls as the TCPA claim.

10. This Court has personal jurisdiction over Oscar Health because it made the telemarketing calls into this District.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telemarketing calls that are the subject of this lawsuit were organized and sent into this District.

## TCPA BACKGROUND

The National Do Not Call Registry

12. The TCPA requires the Federal Communication Commission to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

3

14. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the National Do Not Call Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The Florida Telephone Solicitations Act

16. The FTSA, Fla. Stat. § 501.059, was amended by Senate Bill No. 1120 on July 1, 2021 and further amended by House Bill No. 761 on May 25, 2023.

17. Prior to May 25, 2023, it was a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a)

18. Effective May 25, 2023, it is a violation of the FTSA to "make or knowingly allow to be made an unsolicited telephonic sales call if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

19. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining

information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(j).

20. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

21. Oscar Health is a health insurer that relies on telemarketing to generate new business.

Calls to Plaintiff

22. Plaintiff's telephone number, 786-253-XXXX, is a residential telephone line.

23. It is not associated with a business.

24. It is used for residential and personal purposes.

25. The telephone number has been on the National Do Not Call Registry since 2004.

26. Despite this, Plaintiff received at least six telemarketing calls from Oscar Health as part of its insurance marketing campaign, including on February 1, 2, 13, March 8, 15, and 20, 2024.

27. At least two of the telemarketing calls were from Caller ID (786) 841-9426.

28. Other individuals have complained about receiving unwanted calls from that number. *See* ROBOKILLER, https://lookup.robokiller.com/p/786-841-9426 (last visited Apr. 11, 2024).

29. The calls promoted insurance services.

30. During the calls, Plaintiff received a scripted telemarketing pitch.

31. The pitch included an inquiry about Plaintiff's age, what type of current insurance he has, his zip code, and his insurance needs.

32. This included if he was interested in an individual or family plan.

33. Plaintiff was not interested and informed Defendant of that on the first three calls.

34. Despite that, the other calls were made.

35. During the last call, Plaintiff spoke with Patrick Price from Oscar Health.

36. Mr. Price offered Defendant's individual health plan insurance services, consistent with the other calls.

37. Mr. Price confirmed Defendant's website to Plaintiff.

38. The calls were sent with an automated system for the selection and dialing of telephone numbers as Plaintiff answered the calls and there was a pause and audible click prior to anyone appearing on the line.

39. This audible click and pause is indicative of the automated system selecting a number to call and then transferring the call to the telemarketing representative.

40. Plaintiff, through counsel, wrote to Defendant inquiring as to the basis for the telemarketing calls.

41. Defendant did not respond claiming that it did not use automated equipment, had consent to call, or did not make the call.

42. The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have him sign up for Defendant's insurance services.

43. These calls qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

44. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying

and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's and class members' telephone lines from legitimate communication.

## CLASS ACTION ALLEGATIONS

45. Plaintiff seeks certification of the following classes (the "Classes") pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3):

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.
>
> **Florida Telephone Solicitation Act Autodial Class:** All persons who (1) received a telephonic sales call from Defendant, (2) made into Florida, (3) using the same equipment or type of equipment utilized to call Plaintiff (4) since July 1, 2021.

46. The following individuals are excluded from the Classes: (1) any judge or magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and its current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors, or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

47. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

48. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

    (a) whether Defendant's conduct violated the TCPA and FTSA; and

    (b) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

49. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Classes.

50. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to

obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### COUNT I

**Violations of the Florida Telephone Solicitation Act**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class**

51. Plaintiff repeats and incorporates the allegations set forth in Paragraphs 21 through 44 as if fully set forth herein.

52. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class members against Defendant.

53. It is a violation of the FTSA to "make or knowingly allow to be made an unsolicited telephonic sales call if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

54. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(j).

55. Defendant failed to secure prior express written consent from Plaintiff and the Class members.

56. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

57. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection and dialing of telephone numbers.

58. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and the Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II

**Violations of the Telephone Consumer Protection Act
47 U.S.C. § 227
On Behalf of Plaintiff and the Telephone Consumer Protection Act Do Not Call Registry Class**

59. Plaintiff repeats and incorporates the allegations set forth in Paragraphs 21 through 44 as if fully set forth herein.

60. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and the Class, despite their numbers being on the National Do Not Call Registry.

61. Defendant's violations were negligent, willful, or knowing.

62. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

63. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising its goods or services, except for emergency purposes, using an autodialer, including to numbers on the National Do Not Call Registry;

B. A judgment awarding Plaintiff and all members of the Classes statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

| | |
|---|---|
| Dated: April 22, 2024 | Respectfully submitted,<br><br>**/s/ Geoffrey J. Moul**<br>Geoffrey J. Moul (92496)<br>Murray Murphy Moul + Basil LLP<br>1114 Dublin Road<br>Columbus, OH  43215<br>(614) 488-0400<br>(614) 488-0401 facsimile<br>moul@mmmb.com<br><br>*Counsel for Plaintiff* |